**ANIMAL LEGAL DEFENSE FUND, INC., et al., Appellants,**

v.

**Donna E. SHALALA, et al., Appellees.**

No. 96–5011.

United States Court of Appeals,
District of Columbia Circuit.

May 6, 1997.

Before SILBERMAN, GINSBURG and SENTELLE, Circuit Judges.

## ORDER

PER CURIAM.

Upon consideration of appellees' petitions for rehearing and of the response thereto, it is

**ORDERED** that the petitions be denied.

Before EDWARDS, Chief Judge, WALD, SILBERMAN, WILLIAMS, GINSBURG, SENTELLE, HENDERSON, RANDOLPH, ROGERS, TATEL, and GARLAND,* Circuit Judges.

## ORDER

**PER CURIAM.**

Appellees' Suggestions for Rehearing *En Banc,* and the response thereto, have been circulated to the full court. The taking of a vote was requested. Thereafter, a majority of the judges of the court in regular active service did not vote in favor of the suggestion. Upon consideration of the foregoing it is,

ORDERED, by the Court, that the suggestion be denied.

Circuit Judges WALD and TATEL would grant the suggestion.

* Circuit Judge Garland did not participate in this

Separate statement filed by Circuit Judge SILBERMAN, concurring in the denial of rehearing *en banc.*

Separate statement filed by Circuit Judge WALD, dissenting from the denial of rehearing *en banc,* in which Circuit Judge TATEL joins.

SILBERMAN, Circuit Judge, concurring in the denial of rehearing *en banc*:

The government and the National Academy of Sciences' (NAS) basic argument for rehearing is that we improperly relied on the Supreme Court's discussion in *Public Citizen v. United States Dep't of Justice,* 491 U.S. 440, 109 S.Ct. 2558, 105 L.Ed.2d 377 (1989), of the quasi-public characteristics of organizations whose advisory committees are covered by FACA if created for and employed by the federal government (therefore "utilized"). This discussion is said to be "mere dicta," not at all binding on lower courts. Therefore whether an advisory committee is created by a quasi-public organization or not, it is only covered by FACA as "utilized" by the government if it is subject to the government's management and control, which is a separate test that we have developed to deal specifically with advisory committees that are *not* formed by "quasi-public" organizations. *See Washington Legal Found. v. United States Sentencing Comm'n,* 17 F.3d 1446, 1450–51 (1994); *Food Chem. News v. Young,* 900 F.2d 328, 332–33 (D.C.Cir.), *cert. denied,* 498 U.S. 846, 111 S.Ct. 132, 112 L.Ed.2d 99 (1990). I think our opinion makes quite clear why the Court's discussion cannot be regarded as dicta. It is instead the core logic of the Court's effort to determine the meaning of the word "utilize" as used in FACA.

It is worth adding in response to the petition, however, that if the Supreme Court had meant to limit *all* advisory committees covered by the Act because they are "utilized" (if not established) by the government to those actually managed and controlled by the government, there would have been no need for the Court to have explained at length that in its view Congress had committees of quasi-public organizations in mind when it referred to "utilized" by the government. It would have been quite sufficient to have sim-

matter.

ply held that the ABA Standing Committee was not "utilized" by the government because it was not managed or controlled by the government. Nor would we have said in *Food Chemical,* interpreting *Public Citizen,* that the advisory committee there was neither " 'amenable to [any] management' " by an agency *nor* " 'by [any] semiprivate entity the Federal Government helped bring into being.' " 900 F.2d at 333 (quoting *Public Citizen,* 491 U.S. at 458, 463, 109 S.Ct. at 2568–69, 2571).

Accordingly, appellees' contention that the Supreme Court's reasoning is to be disregarded in light of the undesirable policy consequences of imposing FACA on the NAS committees [1] is equivalent to arguing that the reasoning of Supreme Court opinions should be treated by the lower courts generally as dicta, akin perhaps to Justice Scalia's view of the legislative history of statutes. Admittedly, the Supreme Court often seems to ignore the essential reasoning of its own opinions when it wishes to reach a desired policy outcome, but I would not have thought that a lower court (perhaps any court) is free, legitimately, to do so.

WALD, Circuit Judge, with whom Circuit Judge TATEL joins dissenting from the denial of rehearing *in banc:*

Because I believe this is a case of major consequence, affecting as it does the transparency of the deliberations and the procedures of hundreds of committees set up under the auspices of the National Academy of Sciences, and because I also believe the issue of statutory construction is a close and difficult one not necessarily controlled by the admittedly relevant dicta contained in *Public Citizen v. U.S. Dept. of Justice,* 491 U.S. 440, 109 S.Ct. 2558, 105 L.Ed.2d 377 (1989), I would hear the case *in banc.*

---

1. The NAS contends that FACA thrusts upon its advisory committees certain burdensome requirements, including that its committee membership be "balanced." But the statutory provisions that the NAS cites for the latter point are inapplicable to it; section 5(b)(2) only covers "legislation establishing or authorizing the establishment of any advisory committee...." And section 5(c) similarly deals with advisory committees "creat[ed]" by the President, agency heads, or other federal officials. As appellees' acknowledge, the Guide Committee was established exclusively by the NAS.